James E. BURTON a/k/a Ronnie Johnson, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 89–6294.

United States Court of Appeals, Fifth Circuit.

July 18, 1991.

**132**

James E. Burton, pro se.

Jim Mattox, Atty. Gen., Dana E. Parker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, KING and JOLLY, Circuit Judges.

KING, Circuit Judge:

Defendant James E. Burton (Burton), convicted in state court for aggravated robbery, seeks federal habeas corpus relief on the ground that he was denied the right to represent himself at trial. The district

court dismissed the petition, finding that Burton had not made an unequivocal assertion of his right to self-representation. Burton filed a timely notice of appeal. The district court denied Burton a certificate of probable cause (CPC); upon application, this court granted a CPC. We affirm.

I.

On October 28, 1985, Burton executed an affidavit attesting that he could not afford to hire an attorney and requesting that the court appoint counsel to represent him at trial. The court appointed Ron Hayes to serve as Burton's trial counsel. Burton's case proceeded to trial, and jury selection began on February 5, 1986. After the prosecutor's voir dire examination, Burton informed the trial judge that he "would like to get Mr. Ron Hayes off my case." The judge told Burton that he would not replace Hayes at this juncture in the proceedings, whereupon Burton asked, "May I represent myself?" The judge inquired into Burton's educational background. The judge then stated:

> The Court: Okay. Well, anyone who is acting as an attorney in this court or any felony court is held to the same standards as an experienced lawyer would if he is trying to act as a lawyer. And it's like repairing your own TV set. If it's something simple, you can replace the tube and everything works. Fine. But you just might touch the wrong wire and then get electrocuted.
>
> The Defendant: Then, that would be me trying to survive the consequence, wouldn't it?
>
> The Court: I understand that, but Mr. Hayes has been in about three jury trials in the past few weeks—
>
> The Defendant: Mr. Hayes hasn't done nothing. I could see those are just formats.
>
> The Court: It amounts to more than that.... I am not going to change lawyers at this late date....
>
> The Defendant: Why couldn't I be brought to you earlier?
>
> The Court: You never requested it.

Burton was represented by Hayes at the trial, and sentenced to life imprisonment by the jury.

Burton appealed the conviction, claiming that his right to self-representation had been violated.[1] The conviction was affirmed by the Texas Court of Appeals, and the Texas Court of Criminal Appeals denied his petition for discretionary review. Burton petitioned for federal habeas corpus relief, arguing that he had been denied his constitutional right to self-representation. The district court dismissed the petition, finding that Burton had not made an unequivocal assertion of his right to self-representation.

On appeal, the issue to be decided is whether the district court erred in dismissing Burton's claim that his right to self-representation was violated for the reason that Burton did not clearly and unequivocally assert that right.

## II.

■ A defendant in a state criminal trial has a right under the sixth and fourteenth amendments to the United States Constitution to proceed without counsel and represent himself when he elects to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Unlike the sixth amendment right to counsel, which is in effect until waived, the right to self-representation is not effective until asserted. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982). To assert his right of self-representation, a defendant must "knowingly and intelligently" waive his right to counsel, and the request must be "clear and unequivocal." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Brown*, 665 F.2d at 610. Where a fundamental constitutional right, such as the right to counsel, is concerned, courts indulge every reasonable presumption against waiver. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937); *Brown*, 665 F.2d at 610. In the absence of a clear election to forego counsel, "a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense." *Brown*, 665 F.2d at 610; *see also Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1976); *United States v. Mahar*, 550 F.2d 1005, 1009 (5th Cir. 1977).[2] This circuit has strictly construed the "clear and unequivocal" requirement of *Faretta*. *See Chapman v. United States*, 553 F.2d 886, 892–93 (5th Cir.1977) (demand to defend *pro se* must be stated unequivocally because defending *pro se* (1) may jeopardize defendant's chance of receiving an effective defense and (2) prevents defendant from arguing denial of effective assistance of counsel on appeal); *see also Lyles v. Estelle*, 658 F.2d 1015, 1019 (5th Cir.1981).

■ The district court denied Burton's writ on the basis that his request was not an "absolute unequivocal assertion of the right to self-representation," but "simply a spontaneous response offered at a point when Petitioner realized he was not going to get a new lawyer."[3] This interpretation of the dialogue between the trial judge and Burton is reasonable. When informed that

---

1. Burton also claimed that he had received ineffective assistance of counsel, that a pretrial identification procedure was impermissibly suggestive, and that there was insufficient evidence to support his conviction. None of these claims is relevant to this appeal.

2. In a D.C. Circuit case citing *Brown* for the principle that a *clear* waiver of the right to counsel is required, the court continued to say that no waiver of assistance of counsel will be found unless the defendant "articulately and unmistakably demand[s] to proceed pro se." *United States v. Weisz*, 718 F.2d 413, 426, *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984). The court also found the district court's interpretation of the defendant's request (a desire to substitute counsel rather than a waiver of the right to counsel) to be reasonable because the defendant "fell far short of an unmistakable assertion that he wished to dispense with the services of counsel and proceed pro se." *Id.* at 427.

3. The district court also found Burton's request was not unequivocal on the basis that he only asked once if he could represent himself. "If this was an unequivocal demand for self-representation," said the district court, "it would seem likely Petitioner would have repeated the request rather than passively allow the trial to continue." Repetition of the request to represent oneself is not necessary under *Faretta* to effectively assert the right to self-representation. *See Brown*, 665 F.2d at 611; *see also Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir.1989).

his counsel would not be replaced, Burton asked, "May I represent myself?" Burton's statement can easily be construed as an inquiry into the alternatives available to him in light of the trial judge's refusal to substitute counsel. The trial judge appears to have construed Burton's request as just that: an inquiry into alternatives.[4]

In any event, Burton's request was unclear. In *Moreno v. Estelle*, 717 F.2d 171 (5th Cir.1983), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1974), we found no waiver of the right to counsel where the defendant did not explicitly inform the trial court that he wished to waive assistance of counsel and proceed *pro se*, but merely informed the court that he was dissatisfied with his attorney and wanted her to withdraw because she was not "helping" him. *Id.* at 174–75. We declined to infer from this general request that the defendant intended to waive his right to counsel. *Id.* at 175. Burton's statements in the case at bar were ambiguous at best. The interpretation that Burton's request indicated dissatisfaction with his attorney and nothing more is reasonable. In absence of a clear indication by Burton of his desire to waive his fundamental constitutional right to counsel, we are unwilling to infer from an ambiguous record that such a waiver existed. *Johnson v. McCotter*, 803 F.2d 830, 834 (5th Cir.1986); *Moreno*, 717 F.2d at 174–75; *Brown*, 665 F.2d at 610; *see also Brewer*, 430 U.S. at 404, 97 S.Ct. at 1242. The fact that there is more than one reasonable interpretation of the dialog between Burton and the trial judge is, in a sense, the best evidence that Burton did not clearly and unequivocally assert his right to self-representation.

AFFIRMED.

---

While the number of times a defendant repeats a request may make his intent to waive counsel clearer, the fact that he asks to represent himself only once, standing alone, does not make his request unclear.

**4.** While this is somewhat unclear, it nonetheless appears that the trial judge did not construe Burton's request as a waiver of his right to counsel. The trial judge was present at the dialog in question, and had the opportunity to evaluate Burton's demeanor at the time he made his request, which may be the reason the trial judge did not treat the facially ambiguous request as a waiver.