989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Veronica Rouse HUTCHINS, Defendant-Appellant.
 No. 91-5664.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 26, 1992
Decided: March 8, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-91-59-4)
 John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Veronica Rouse Hutchins was convicted and sentenced for violating 42 U.S.C. § 408(g)(2) (1988),[1] on evidence that she knowingly used a false social security number for the purpose of concealing her true job qualifications. Hutchins's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Hutchins has filed a supplementary pro se brief raising several additional claims. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 Hutchins filed a number of applications for employment with the State of South Carolina using a false social security number. As part of one application, she also filed a resume stating that she graduated from Enlow High School in Raleigh, North Carolina; however, Hutchins did not graduate from Enlow High School. Hutchins also claimed to have a Bachelor of Arts degree in psychology from the University of California at Berkeley when in fact she had neither attended nor graduated from the University of California at Berkeley. Hutchins was indicted on fourteen counts of using a false social security number with the intent to deceive.
 
 
 3
 Before trial, Hutchins requested a replacement for her appointed counsel, an assistant federal public defender. Although the judge denied Hutchins's request, he required the public defender's supervisor to assist during trial. Hutchins inquired into the possibility of representing herself. The judge advised against this, suggested she consider the matter, and ordered her to appear on the day set for trial. Hutchins also moved for dismissal of the indictment, alleging that she was the victim of selective prosecution. The judge found that she had not made out a prima facie case of selective prosecution and denied the motion.
 
 
 4
 Hutchins admitted to applying for the positions and to using a false social security number. Hutchins stipulated that the signatures on all of the documents were hers; however, Hutchins testified that she had not used the number with the intent to deceive anyone or to hide her true job qualifications.
 
 
 5
 The jury returned a verdict of guilty on all fourteen counts. The court sentenced Hutchins to a probationary sentence of five years on each count with all sentences to run concurrently and ordered her to pay a special assessment of $700. She appeals her conviction and sentence.
 
 
 6
 Hutchins's counsel has filed an Anders[2] brief, raising the questions of whether the trial court erred in denying Hutchins's motion for a judgment of acquittal and whether the district court erred by not allowing Hutchins to proceed pro se. Hutchins has filed a supplemental brief in which she asserts numerous issues of error: (1) she is a victim of selective prosecution; (2) she was denied effective assistance of counsel; (3) her probationary sentence and fine are excessive; (4) blacks were removed from the jury pool because of race; (5) material stolen from an adoption agency was improperly admitted into evidence; (6) she was denied a fair trial because the judge was racially biased; and (7) she was denied the right to retain her own attorney. We find no error, and affirm the conviction and sentence.
 
 II.
 
 7
 Hutchins's counsel raises the question of whether the trial court erred in denying Hutchins's motion for a judgment of acquittal made on the ground that the evidence presented by the government was not sufficient to convict her of using a false social security number with the intent to deceive.
 
 
 8
 To prove a violation of 42 U.S.C. § 408(g)(2), the government was required to show that Hutchins, with intent to deceive, represented a particular social security number to be her own and that the representation was false. United States v. Manning, 955 F.2d 770, 772 (1st Cir. 1992); United States v. Darrell, 828 F.2d 644, 647 (10th Cir. 1987). Examining the evidence and reasonable inferences to be drawn from it in the light most favorable to the government, we find that the evidence was clearly sufficient for a jury to conclude that Hutchins knowingly used a false social security number with the intent to deceive. Glasser v. United States, 315 U.S. 60, 80 (1942). It was undisputed that Hutchins used a false social security number on numerous signed applications and that she misrepresented a high school diploma and a college degree. The evidence also established that a minimum of a high school degree was required for the various positions applied for by Hutchins and that a college degree was required in order to qualify for many of the other positions. Therefore, a reasonable jury could conclude that Hutchins used the false social security number for the purpose of concealing her true job qualifications and with the intent to deceive.
 
 III.
 
 9
 Hutchins's counsel also raises the question of whether the district court judge deprived Hutchins of her right to self-representation. The right to self-representation must be asserted in a clear and unequivocal manner. Faretta v. California, 422 U.S. 806, 819 (1975). In contrast with the right to counsel, an individual's right to selfrepresentation can be waived by failure to timely assert it or by subsequent conduct giving the appearance of uncertainty. United States v. Weisz, 718 F.2d 413, 425 (D.C. Cir. 1983), cert. denied, 465 U.S. 1027 and 465 U.S. 1034 (1984). Hutchins claims that she timely asserted her right to self-representation during her pre-trial conference. We find it was not unreasonable for the trial judge to assume that Hutchins's statements at that conference were mere remarks of dissatisfaction with her attorney and not a clear and unequivocal request of self-representation, because she did not repeat her request, mentioned that she had consulted another attorney, and finally went to trial with her appointed attorney. Burton v. Collins, 937 F.2d 131, 134 (5th Cir.), cert. denied, 60 U.S.L.W. 3418 (U.S. 1991).
 
 IV.
 
 10
 Hutchins next alleges that she is a victim of selective prosecution because she was prosecuted solely so that she would drop her civil charges against the South Carolina Department of Social Services. However, she makes no showing that her prosecution was motivated by discriminatory intent or a desire to prevent the exercise of her constitutional rights, as is necessary to sustain this contention. United States v. Barber, 668 F.2d 778 (4th Cir.), cert. denied, 405 U.S. 977 (1982). Therefore, the district court did not abuse its discretion in finding that Hutchins's claim was not legitimate. It is not enough, even if proven, that officials with the South Carolina Department of Social Services discriminated against Hutchins. She must show that their actions influenced the United States Attorney to prosecute for discriminatory purposes. United States v. Smith, 812 F.2d 161, 163 (4th Cir. 1987) (holding statements of arresting officer relevant to issue of discriminatory purpose insufficient to prove selective prosecution absent showing that arresting officer had influenced United States Attorney's decision to prosecute).
 
 V.
 
 11
 Hutchins also alleges that she was denied effective assistance of counsel. It is not our practice to address claims of ineffective assistance of counsel on direct appeal, and we decline to do so here. Ordinarily we require that appellant first assert such a claim in a collateral proceeding under 28 U.S.C. § 2255 (1988), so that the trial court can develop a more complete evidentiary record with regard to counsel's performance. E.g., United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991); United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). There is no reason here to depart from this customary practice, because this is not a case where ineffectiveness is apparent from the trial record itself. See Grandison, 783 F.2d at 1156-57.
 
 
 12
 Hutchins's claim that she was denied the right to retain her own attorney is without merit. The judge welcomed Hutchins's suggestion that she might retain her own attorney.
 
 
 13
 None of Hutchins's other claims raise meritorious issues and can therefore be disposed of summarily.
 
 
 14
 She alleges that her probationary sentence is excessive. However, a term of one to five years probation is prescribed when the offense level is six or greater. United States Sentencing Commission, Guidelines Manual, § 5B1.2(a)(1) (Nov. 1990). A special assessment of $50 for each felony conviction is mandatory. 18 U.S.C. 3013(a)(2)(1988).
 
 
 15
 Hutchins also alleges that blacks were removed from the jury pool; however, she fails to show that the under-representation of this group on venires was due to systematic exclusion in the jury-selection process. Durren v. Missouri, 439 U.S. 357, 363-64 (1979); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir.), cert. denied, 454 U.S. 841 (1981). Furthermore, she fails to show that blacks were excluded from the jury panel and that the facts and circumstances raised an inference that the exclusion was based on race. Batson v. Kentucky, 476 U.S. 79, 95-97 (1986).
 
 
 16
 Hutchins alleges that material stolen from her adoption agency was improperly admitted into evidence. Since Hutchins did not object to the admissibility of the allegedly stolen items during the trial, the evidence cannot be questioned on appeal. United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983).
 
 
 17
 Finally, there is no evidence in the record to suggest that the judge abused his discretion as governor of the trial. Quericia v. United States, 289 U.S. 466 (1933).
 
 
 18
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. § 3006A (West Supp. 1992)), this Court requires that counsel inform his client, in writing, of her right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 19
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The 1990 amendments renumbered this section and it is now found at 42 U.S.C.A. § 408(a)(7)(B) (West 1991)
 
 
 [2]
 Anders v. California, 386 U.S. 738 (1967)