1GONZALES, Judge,
dissenting.
I respectfully dissent from the majority’s finding that defendant’s convictions and sentences must be vacated and that he is entitled to a new trial.
A trial court is only required to advise a criminal defendant of the “pitfalls” of self-representation when the defendant has unequivocally waived his Sixth Amendment right to counsel and has exercised his concomitant right to self-representation. In this case, defendant did not assert a “clear and unequivocal” waiver of his right to counsel, and therefore, was not entitled to advice from the court regarding the dangers of self-representation.
A defendant in a criminal trial has a right under the Sixth and Fourteenth Amendments to the United States Constitution to proceed without counsel and to represent himself when he elects to do so. Faretta v. California, 422 U.S. 806, 818-20, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). To assert his right of self-representation, a defendant must ^“knowingly and intelligently” waive his right to counsel, and the request must be “clear and unequivocal.” Faretta v. California, 422 U.S. at 835, 95 S.Ct. at 2541; Burton v. Collins, 937 F.2d 131, 133 (5th Cir.), cert. denied, — U.S. —, 112 S.Ct. 642, 116 L.Ed.2d 660 (1991). Where a fundamental constitutional right such as the right to counsel is concerned, courts indulge every reasonable presumption against waiver. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); Burton v. Collins, 937 F.2d at 133. In the absence of a clear election to forego counsel, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense. Burton v. Collins, 937 F.2d at 133.
In this case, defendant made two requests relating to his legal representation. Approximately three months prior to the trial, defendant filed a “Motion to be Recognized as Co-Counsel of Record” in which he acknowledged Eldon R. Harrall, Jr. as his attorney, and in which h¿ prayed that the court recognize defendant as co-counsel of record in his case and allow him to proceed as such. The trial court granted this motion in chambers on the same day it was filed.
On the day the trial began, defendant filed a “Motion to Remove and Substitute Counsel of Record” in which he claimed that he had not received effective assistance of counsel because his attorney had not filed a motion to recuse the presiding judge, had not filed writs on the denial of some pretrial motions, and had not objected to the court’s rulings on these motions. Defendant also asserted that his attorney had collaborated with the assistant district attorney and the judge to “sell him out.” Defendant prayed that his attorney “be removed as his counsel of record ... and that [the court] appoint an attorney ad hoc in substitution for counsel for defendant.” The trial court denied defendant’s motion.
Neither of the above actions constitutes a “clear and unequivocal” request by defendant for self-representation. To the contrary, in the first motion, defendant recognized Mr. Harrall as his attorney, and in the second motion, he specifically ^requested that the court replace Mr. Harrall with an “attorney ad hoc.” Thus, defendant was not electing to conduct his own defense; rather, he was merely asking that someone other than Mr. Harrall represent him. A desire to substitute counsel does not equate to a desire to dispense with the services of an attorney altogether and proceed pro se. See U.S. v. Weisz, 718 F.2d 413, 426 (D.C.Cir.1983), cert. denied 465 U.S. 1027, 104 S.Ct. 1285, 79 L.Ed.2d 688 (1984) and 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984).
Although defendant participated in his defense by presenting a small part of the opening statement, conducting a portion of the cross-examination of two of the witnesses, and partially arguing some legal issues, defendant’s attorney was the controlling strategist in the case and performed the core functions of a lawyer. Thus, because defendant was afforded proper representation and. did not waive his right to counsel, the court was not required to advise him of the dangers of self-representation.
*246 Accordingly, I dissent from the decision of the majority.