IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50099
c/w No. 02-50152
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENNIE RAY HARDEMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-261-ALL-JN
--------------------
September 19, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Bennie Ray Hardeman, proceeding pro se, appeals from his
conviction of conspiracy to possess with intent to distribute
cocaine and cocaine base, distribution of cocaine, possession
with intent to distribute cocaine, and possession with intent to
distribute cocaine base and from the denial of his posttrial
motion to dismiss the superseding indictment against him.
Hardeman moves for grand jury transcripts and for leave to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

supplement the record.  Hardeman's motions are DENIED.  Hardeman raises several arguments in his consolidated appeals that we address in turn.

Hardeman contends that the Clerk of the district court was required to accept and file his pro se motions and that those motions should have been construed as waivers of his right to representation by counsel.  Hardeman was represented by counsel in the district court, and he had no right to hybrid representation.  *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).  Hardeman did not explicitly assert his right to self-representation in the district court, and the motions he filed pro se did not implicitly assert that right.  *See Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991).  The district court need not have accepted Hardeman's pro se motions.

Hardeman contends that his original indictment was defective.  Hardeman was convicted on a superseding indictment and the original indictment was dismissed, mooting any contentions about the original indictment.

Hardeman contends that the superseding indictment impermissibly broadened the original indictment and that the superseding indictment was defective.  He argues that the dates alleged on the superseding indictment broadened the charges; that the superseding indictment charged only him with conspiracy and that the government's informant could not be a coconspirator; and that the indictment failed to allege drug amounts or penalty

statutes, evidently in violation of *Apprendi v. New Jersey*,

530 U.S. 466 (2000).

Hardeman did not challenge his superseding indictment in the district court on the grounds he raises on appeal in any motions filed by counsel. Hardeman's contentions are reviewed under the plain-error standard. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

A defendant has a Fifth Amendment right to be tried solely on allegations made by the grand jury. *Stirone v. United States*, 361 U.S. 212, 215-18 (1960). The superseding indictment was issued by the grand jury, and it replaced the original indictment instead of amending it or broadening it.

The conspiracy count alleged that Hardeman conspired "with others known and unknown to the grand jury[.]" The conspiracy count was not defective for failing to allege any coconspirators. *United States v. Price*, 869 F.2d 801, 804 (5th Cir. 1989).

The superseding indictment alleged drug amounts sufficient to place Hardeman in the statutory sentencing ranges resulting in the terms of imprisonment to which he was sentenced. The superseding indictment did not violate *Apprendi*. *See United States v. Doggett*, 230 F.3d 160, 164-66 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177 (2001). Hardeman's prior drug felony conviction, a fact that increased his sentencing exposure to life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A),(b), need not have

been alleged in the indictment or proven to the jury. *See Apprendi*, 530 U.S. at 490.

Hardeman contends that his sentence violated *Apprendi* because the superseding indictment alleged no specific drug amounts and that *Apprendi* rendered the drug sentencing statutes unconstitutional. Hardeman does not argue that the Government failed to prove the amounts alleged in the superseding indictment; he has abandoned any such argument for appeal. *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982). In Hardeman's case, the jury found the drug amounts alleged in the indictment, amounts that placed him in the appropriate sentencing ranges. Moreover, *Apprendi* did not render the sentencing statutes unconstitutional. *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.), *cert. denied*, 532 U.S. 1045 (2001).

Hardeman contends that defense counsel was ineffective for failing to object to the amount of drugs on which his sentence was based. To the extent that Hardeman seeks to argue that counsel was ineffective for failing to raise an *Apprendi* objection, Hardeman can demonstrate neither deficient performance nor prejudice. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). To the extent that Hardeman attempts to argue that counsel should have raised a non-*Apprendi* challenge to the drug quantity on which his sentence was based, defense counsel did

object to the amount of drugs on which Hardeman's sentence was based.

Hardeman contends that the affidavit supporting the search warrant in his case was defective and that police failed to act in accordance with the warrant. He argues that the result of the search somehow was unreliable and that the chain of custody was broken because there was a large hole in a wall in the residence in which drugs were found.

Because Hardeman did not move for suppression before trial, he may not challenge the search or search warrant for the first time on appeal. *United States v. Chavez-Valencia*, 116 F.3d 127, 128 (5th Cir. 1997); FED. R. CRIM. P. 12(f). Hardeman does not indicate how the chain of custody could have been affected by a hole in the wall. In any event, a break in the chain of custody is a factor in the weight of the evidence and not to the admissibility of the evidence. *United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997).

Hardeman contends that the prosecutor engaged in misconduct by using a tainted witness and that defense counsel was ineffective for failing to object to that witness. According to Hardeman, Enoch Fowler and his family guarded the residence where drugs were found, and Fowler testified that he had a lengthy criminal record.

Hardeman does not allege that Fowler perjured himself. Nor does he cite to any authority for the proposition that use of a

witness with a lengthy criminal record, without more, constitutes misconduct, or that failure to object to the testimony of such a witness constitutes ineffective assistance. Hardeman's misconduct and ineffective-assistance contentions are without merit.

Hardeman contends that the delay between his October 2, 2000, arrest and his September 10-11, 2001, trial violated his rights under the Speedy Trial Act. Hardeman moved in the district court for dismissal of the indictment due to the delay between his arrest and his indictment; he never moved in the district court for dismissal due to the delay between his arrest and his trial. Hardeman thus waived his contention that the pretrial delay violated the Speedy Trial Act, and that contention may not be considered on appeal. *United States v. Westbrook*, 119 F.3d 1176, 1185 (5th Cir. 1997).

We finally consider whether the district court erred by removing Hardeman from the courtroom. Hardeman insisted in front of the jury that he wished to testify, after the evidence had been closed. The district court did not err. Hardeman continued to speak after the district court ruled that Hardeman could not testify and directed Hardeman to be quiet. Moreover, the Government had excused its rebuttal witnesses and Hardeman missed only the reading of the jury instructions. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970).

AFFIRMED.