NO. 12-02-00165-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 

ENNIS JOHNSON,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






OPINION
 

 Appellant Ennis Ray Johnson was convicted by a jury of the felony offense of Aggravated
Assault. The jury assessed punishment at seventy-five years in the Texas Department of Criminal
Justice-Institutional Division ("T.D.C.J.-I.D."). On appeal, Appellant complains that he was denied
his constitutional right of self-representation. We reverse and remand for a new trial.


Background

 When the assault occurred, Appellant was an inmate of the T.D.C.J.-I.D. and the victim,
Belinda Maple, was a correctional officer at the unit of the T.D.C.J.-I.D. in which Appellant was
imprisoned. On the morning of January 25, 1999, Maple had a minor altercation with Appellant
about his failure to tuck in his shirt. Later that day, Maple was hit in the face and knocked
unconscious. Another correctional officer testified that he witnessed Appellant assault Maple. 
Maple's family physician testified that Maple possibly suffered from a non-displaced orbital fracture
which did not require surgery. The victim testified that four years after the assault, she was still
suffering from numbness of the teeth. 

 Upon Appellant's request, his attorney had filed a Motion to Withdraw as Counsel due to the
fact that Appellant did not agree with the way counsel was preparing the case. The motion, which
was filed ten days before trial, was denied. On the day the trial commenced, but before a jury was
empaneled, Appellant's attorney stated to the trial court that Appellant wished to represent himself. 
The trial court refused to hold a hearing on Appellant's request, and defense counsel continued to
represent Appellant throughout the trial. The jury convicted Appellant of Aggravated Assault on a
Correctional Officer, and this appeal followed. 


The Right Of Self-Representation 

 The seminal decision on the right of self-representation is Faretta v. California, 422 U.S.
806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). In Faretta, the Supreme Court held that a defendant
in a federal or state criminal trial has a right under the Sixth and Fourteenth Amendments to proceed
without counsel when he elects to do so. Id., 422 U.S. at 814, 95 S. Ct. at 2530-31. The right of
self-representation entails a waiver of the right to counsel, since a defendant obviously cannot enjoy
both rights at trial. See Burton v. Collins, 937 F.2d 131, 133 (5th Cir. 1991); see also United States
v. Johnson, 223 F.3d 665, 668 (7th Cir. 2000). 

 While the right to counsel is in force until waived, the right of self-representation does not
attach until asserted. Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982). In order for a
defendant to represent himself, the request must be "clear and unequivocal," Burton, 937 F.2d at
133, and he must "knowingly and intelligently" forego counsel. Faretta, 422 U.S. at 835, 95 S. Ct.
at 2541. Before the trial court accepts the request, the defendant must be "made aware of the dangers
and disadvantages of self-representation, so that the record will establish that 'he knows what he is
doing and his choice is made with eyes open.'" Id. (quoting Adams v. United States, 317 U.S. 269,
279, 63 S. Ct. 236, 242, 87 L. Ed. 2d 268 (1942)). A request is timely if it is made before the trial
court empanels a jury, at least where there is no suggestion that the motion to defend pro se is a tactic
to secure delay. See Ex parte Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992); see also 
McDuff v. State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997)("An accused's right to self-representation must be asserted in a timely manner, namely, before the jury is impaneled."). 
"[A]lthough an exercise of the right of self-representation may cause some inconvenience or even
disruption in the trial proceedings, so long as it is not a calculated obstruction, this delay cannot
deprive the accused of the right once properly asserted." Birdwell v. State, 10 S.W.3d 74, 77 (Tex.
App.-Houston [14th Dist.] 1999, pet. ref'd). 

 Unlike the right to counsel, the right of self-representation can be waived by defendant's
mere failure to assert it. Brown, 665 F.2d at 610-11. And even if a defendant requests to represent
himself, the right may be waived through the defendant's subsequent conduct indicating he is
vacillating on the issue or has abandoned his request altogether. Chapman v. United States, 553
F.2d 886, 893 n.12 (5th Cir. 1977). 

 It is not necessary that a defendant continually renew his request to represent himself to avoid
waiver. Brown, 665 F.2d at 612. "While the number of times a defendant repeats a request may
make his intent to waive counsel clearer, the fact that he asks to represent himself only once,
standing alone, does not make his request unclear." Burton, 937 F.2d at 133 n.3. Further, a trial
court may not "unduly defer a ruling on a firm request by defendant to represent himself in the hopes
the defendant may change his mind." Brown, 665 F.2d at 612. 

 A trial court's denial of a defendant's constitutional right of self-representation is not
amenable to a harmless error analysis. The right is either respected or denied; its deprivation cannot
be harmless. McKaskle v. Wiggins, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 950 n.8, 79 L. Ed. 2d 122
(1984). 


Discussion

 The two questions before us are whether Appellant made a clear and unequivocal assertion
of his right of self-representation, and if he did so, whether he later waived that right. In the case
before us, the following discourse occurred in open court:


 The Court: All right. As we speak, the jury is being seated right now. The jury panel is being
seated. What is it that the Defense wants, counsel?


 Ms. Law: Your Honor, my client has informed me that he wishes to represent himself and not
continue with my representation.


 The Court: Well, this comes a bit late. The jury has already been qualified. The panel is being
seated at this time. I am not inclined to delay the trial while I conduct a Faretta vs.
California hearing. And I may consider that after the voir dire, but at the present
I'm not-I am not willing to delay the trial long enough to conduct that kind of a
hearing. So you are going to voir dire the jury and then we will see where we are.


Appellant was not in the courtroom at the time this exchange took place.


 The State argues that because Appellant did not personally assert his right to self-representation, there was no clear and unequivocal assertion of his right of self-representation. 
Consequently, there was no violation of Appellant's constitutional right. Appellant, on the other
hand, contends that he invoked his right when Appellant's attorney stated that Appellant wished to
relieve counsel and represent himself. 

 The general rule is that a court may accept counsel's representations and the defendant is
bound thereby, except upon a showing of counsel's bad faith or gross negligence. Brown, 665 F.2d
at 612. Counsel may even waive his client's constitutional rights, if so requested by his client. See
United States v. Spiegel, 604 F.2d 961, 965 (5th Cir. 1979) (defendant's attorney waived right to a
jury of twelve in the absence of a finding that defendant either was consulted about the decision or
personally and intelligently assented to fewer than twelve); Winters v. Cook, 489 F.2d 174, 177 (5th
Cir. 1973) (rejecting syllogism that "since the rights are those of the defendant, he alone may waive
them); United States v. Marcello, 423 F.2d 993, 1001-03 (5th Cir.), cert. denied, 398 U.S. 959, 90
S. Ct. 2172, 26 L. Ed. 2d 543 (1970) (attorney waived defendant's constitutionally guaranteed right
to a trial by an impartial jury of the State and district where the crime was committed). We hold,
therefore, that Appellant's assertion of his right of self-representation was "clear and unequivocal." 
Further, we hold that although Appellant failed to reiterate his request, this, without more, did not
forfeit Appellant's right to defend himself.

 When defense counsel stated, before the jury was empaneled, that Appellant wished to
represent himself, the trial court was obliged to conduct a Faretta hearing in order to make Appellant
aware of the consequences of self-representation. See Birdwell, 10 S.W.3d at 77. It is axiomatic that
if a court does not conduct a hearing, it cannot determine if the request was for purposes of delay,
nor can it make a record which would establish that Appellant "knows what he is doing and his
choice is made with eyes open." Adams, 317 U.S. at 279, 63 S. Ct. at 242. Thus, when the trial
court failed to hold the hearing and make a ruling, it effectively denied Appellant's constitutionally
guaranteed right to represent himself. We sustain this issue and do not reach the remainder of
Appellant's points. We reverse the judgment of the trial court and remand for a new trial. 

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.

(DO NOT PUBLISH)