TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00622-CR




Donovan Walker, Appellant

v.

The State of Texas, Appellee




FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
NO. D-1-DC-08-907278, HONORABLE MIKE DENTON, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Donovan Walker pleaded guilty to assault with family violence and was placed on
deferred adjudication community supervision. The trial court later adjudicated his guilt, finding that
he had violated the terms of his community supervision by illegally carrying a handgun. He was
sentenced to three years in prison. On appeal, Walker contends that the trial court erred by depriving
him of his right to self-representation. He also contends, and the State concedes, that the trial court
erred by making written findings of violations of the terms of his community supervision that
were not orally pronounced at the adjudication hearing. We will modify the judgment to delete all
findings of violations of the terms of community supervision other than illegal possession of a
handgun, and affirm the judgment as modified.
                        The State, in its Motion to Proceed with an Adjudication of Guilt, alleged that
Walker violated the terms of his community supervision by failing to pay four amounts required by
those terms, operating a motor vehicle without a license, and committing criminal offenses by
intentionally and recklessly carrying on or about his person a handgun and by knowingly possessing
a usable quantity of marijuana. At the outset of the hearing, the court stated that it would not
proceed on the monetary defaults. Walker pleaded not true to the remaining allegations. A state
trooper testified that he stopped Walker for his reckless driving, arrested him after finding marijuana
cigarette remnants in the car, and then found a loaded handgun on the shelf behind the rear seat
near Walker’s young daughter. A fingerprint expert testified that Walker’s fingerprints matched
those found on the handgun. At the end of the hearing, the trial court found that the State had not
presented evidence regarding the driver’s license allegation and found too much doubt that Walker
possessed marijuana. The trial court found true the allegation that Walker recklessly or intentionally
possessed a firearm.
                        On appeal, Walker contends that the trial court wrongfully denied him the right to
represent himself. The Supreme Court has held that the Sixth Amendment right to counsel includes
the reciprocal right to self-representation. Faretta v. California, 422 U.S. 806, 818-20 (1975). The
trial court must admonish the defendant about the dangers and disadvantages of self-representation
only after the defendant clearly and unequivocally invokes his right to self-representation. Brown
v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982) (citing Faretta, 422 U.S. at 835). An inquiry
about self-representation is not a clear invocation of self-representation. Burton v. Collins, 937 F.2d
131, 133-34 (5th Cir. 1991) (defendant’s question “May I represent myself?” in context of discussion
during which court told defendant he would not get a new appointed lawyer was held to be an inquiry
into alternatives rather than a clear and unequivocal invocation of the right to self-representation);
see Barrientes v. State, No. 04-06-00541-CR, 2007 Tex. App. LEXIS 5165, at *3-4
(Tex. App.—San Antonio July 3, 2007, no pet.) (not designated for publication). A request for
new appointed counsel does not invoke the right to self-representation and must be supported by
adequate cause. Cain v. State, 976 S.W.2d 228, 235-36 (Tex. App.—San Antonio 1998, no pet.).
                        In this case, Walker was not satisfied with his appointed counsel.


 Walker filed pro se
motions, expressed frustration that his counsel would not file his motions or make recommended
objections, and stated that he wanted a continuance so that he could get a new attorney. Walker
directly asked, “Can I speak for myself, can I represent myself?” The trial court allowed the State
to mark an exhibit, then addressed Walker directly, saying, “If you’re telling me you want to proceed
on your own, I will certainly listen to that request.” Walker did not assert his right to represent
himself, but said he wanted new appointed counsel because his current counsel was not representing
him how he wanted to be represented, noting that counsel would not file the motions that Walker
filed pro se. The trial court explained that it had read the motions and that counsel appropriately
opted not to file Walker’s proposed motions or make his requested objections.


 The court opined
that Walker’s counsel was an excellent lawyer and was making correct decisions in representing
Walker. The court then stated, “[I]f you wish to represent yourself, although I would advise against
it, I will allow you to do it but I will continue to ask your counsel to stay there to assist you. So you
make the decision you need to make but we’re going to proceed with this case at this time.” The
State proceeded with its examination of the witness. Walker began by asking a question of the
witness, and the court interrupted:
 
THE COURT: [Defense counsel will] ask the questions, sir.
THE DEFENDANT: He just told me he—
THE COURT: No, I’m not—
THE DEFENDANT: Tell him you said that.
[DEFENSE COUNSEL]: Judge, I don’t know if he wants to or not.
THE COURT: I’m going to let you cross-examine this witness counsel.

Counsel then cross-examined the trooper. At the conclusion of the cross-examination, the court
said to Walker, “Since you had a list of questions, I’m going to give you a moment privately to speak
to your lawyer. If there are any additional questions let’s make sure at this point, go ahead. Why
don’t we take just a moment so you two can talk privately.” Walker and his counsel asked no further
questions of the trooper at that point. His counsel later asked three questions on recross examination
emphasizing that the trooper did not know how the marijuana or the gun were placed in the car.
                        Walker did not unequivocally invoke his right to self-representation. Walker at most
queried whether he could represent himself. In context, he may simply have wanted to speak to the
court directly, which he was allowed to do. He stated that he wanted new appointed counsel—not
that he wanted to proceed without representation by counsel. The court did not abridge Walker’s
right to represent himself because Walker did not clearly invoke that right.
                        Walker next contends and the State concedes that the trial court erred by signing
a written judgment that did not conform with the findings made at the hearing. In criminal cases,
“[w]hen there is a conflict between the oral pronouncement of sentence in open court and the
sentence set out in the written judgment, the oral pronouncement controls.” Thompson v. State,
108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The trial court stated at the outset of the trial that it
was not considering adjudicating guilt based on the allegations of unpaid costs, fines, and fees. At
the close of the hearing, the trial court stated that the State had “essentially told me that you didn’t
put on any evidence of [Walker’s operation of a motor vehicle without a license].” The court orally
pronounced that “as to the firearm, I do find that allegation true. As to the marijuana, I suspect it is
possible that someone else’s marijuana is in the glove compartment, but as to the gun I do find
the allegations true, and so I am going to move to adjudicate you.” The written judgment, however,
includes affirmative findings that Walker failed to pay required costs, fines, and fees, operated a
motor vehicle without a license, and illegally possessed a firearm and marijuana.
                        We modify the Judgment Adjudicating Guilt signed October 16, 2009, by vacating
all findings that Walker violated the terms and conditions of community supervision except for
the finding, which shall remain part of the judgment, that Walker “committed a subsequent
offense in that on or about the 29th day of August, 2009, in the County of Travis, State of Texas,
Donovan Lamont Walker did then and there intentionally and recklessly carry on or about his person
a handgun[.]” Walker’s three-year prison sentence is not challenged and remains undisturbed.
                        We affirm the judgment as modified.
 
 
                                                                                                                                                             
                                                                        David Puryear, Justice
Before Chief Justice Jones, Justices Puryear and Pemberton
Modified and, as Modified, Affirmed
Filed: December 8, 2010
Do Not Publish