# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00622-CR

**Donovan Walker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-08-907278, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Donovan Walker pleaded guilty to assault with family violence and was placed on deferred adjudication community supervision. The trial court later adjudicated his guilt, finding that he had violated the terms of his community supervision by illegally carrying a handgun. He was sentenced to three years in prison. On appeal, Walker contends that the trial court erred by depriving him of his right to self-representation. He also contends, and the State concedes, that the trial court erred by making written findings of violations of the terms of his community supervision that were not orally pronounced at the adjudication hearing. We will modify the judgment to delete all findings of violations of the terms of community supervision other than illegal possession of a handgun, and affirm the judgment as modified.

The State, in its Motion to Proceed with an Adjudication of Guilt, alleged that Walker violated the terms of his community supervision by failing to pay four amounts required by

those terms, operating a motor vehicle without a license, and committing criminal offenses by intentionally and recklessly carrying on or about his person a handgun and by knowingly possessing a usable quantity of marijuana. At the outset of the hearing, the court stated that it would not proceed on the monetary defaults. Walker pleaded not true to the remaining allegations. A state trooper testified that he stopped Walker for his reckless driving, arrested him after finding marijuana cigarette remnants in the car, and then found a loaded handgun on the shelf behind the rear seat near Walker's young daughter. A fingerprint expert testified that Walker's fingerprints matched those found on the handgun. At the end of the hearing, the trial court found that the State had not presented evidence regarding the driver's license allegation and found too much doubt that Walker possessed marijuana. The trial court found true the allegation that Walker recklessly or intentionally possessed a firearm.

On appeal, Walker contends that the trial court wrongfully denied him the right to represent himself. The Supreme Court has held that the Sixth Amendment right to counsel includes the reciprocal right to self-representation. *Faretta v. California*, 422 U.S. 806, 818-20 (1975). The trial court must admonish the defendant about the dangers and disadvantages of self-representation only after the defendant clearly and unequivocally invokes his right to self-representation. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982) (citing *Faretta*, 422 U.S. at 835). An inquiry about self-representation is not a clear invocation of self-representation. *Burton v. Collins*, 937 F.2d 131, 133-34 (5th Cir. 1991) (defendant's question "May I represent myself?" in context of discussion during which court told defendant he would not get a new appointed lawyer was held to be an inquiry into alternatives rather than a clear and unequivocal invocation of the right to self-representation);

2

*see Barrientes v. State*, No. 04-06-00541-CR, 2007 Tex. App. LEXIS 5165, at *3-4 (Tex. App.—San Antonio July 3, 2007, no pet.) (not designated for publication). A request for new appointed counsel does not invoke the right to self-representation and must be supported by adequate cause. *Cain v. State*, 976 S.W.2d 228, 235-36 (Tex. App.—San Antonio 1998, no pet.).

In this case, Walker was not satisfied with his appointed counsel.[1] Walker filed pro se motions, expressed frustration that his counsel would not file his motions or make recommended objections, and stated that he wanted a continuance so that he could get a new attorney. Walker directly asked, "Can I speak for myself, can I represent myself?" The trial court allowed the State to mark an exhibit, then addressed Walker directly, saying, "If you're telling me you want to proceed on your own, I will certainly listen to that request." Walker did not assert his right to represent himself, but said he wanted new appointed counsel because his current counsel was not representing him how he wanted to be represented, noting that counsel would not file the motions that Walker filed pro se. The trial court explained that it had read the motions and that counsel appropriately opted not to file Walker's proposed motions or make his requested objections.[2] The court opined that Walker's counsel was an excellent lawyer and was making correct decisions in representing

---

[1] Before the hearing, Walker moved in writing for appointment of new counsel due to a conflict of interest, although his motion did not specify what that conflict was. He did not request to proceed pro se.

[2] The trial court explained that Walker's motion for a full record was unnecessary because a full record was being made. Similarly, the trial court explained that Walker's motion for reduced bond was essentially moot as the result of the hearing would be either release or incarceration. The court explained that counsel correctly refused to object to portions of the trooper's testimony with which Walker disagreed, noting that the defendant's disagreement with the testimony was not a legal basis on which the court would exclude the testimony. The court explained that such baseless objections would hurt the attorney's credibility and, with it, Walker's prospects.

3

Walker. The court then stated, "[I]f you wish to represent yourself, although I would advise against it, I will allow you to do it but I will continue to ask your counsel to stay there to assist you. So you make the decision you need to make but we're going to proceed with this case at this time." The State proceeded with its examination of the witness. Walker began by asking a question of the witness, and the court interrupted:

> THE COURT: [Defense counsel will] ask the questions, sir.
>
> THE DEFENDANT: He just told me he—
>
> THE COURT: No, I'm not—
>
> THE DEFENDANT: Tell him you said that.
>
> [DEFENSE COUNSEL]: Judge, I don't know if he wants to or not.
>
> THE COURT: I'm going to let you cross-examine this witness counsel.

Counsel then cross-examined the trooper. At the conclusion of the cross-examination, the court said to Walker, "Since you had a list of questions, I'm going to give you a moment privately to speak to your lawyer. If there are any additional questions let's make sure at this point, go ahead. Why don't we take just a moment so you two can talk privately." Walker and his counsel asked no further questions of the trooper at that point. His counsel later asked three questions on recross examination emphasizing that the trooper did not know how the marijuana or the gun were placed in the car.

Walker did not unequivocally invoke his right to self-representation. Walker at most queried whether he could represent himself. In context, he may simply have wanted to speak to the court directly, which he was allowed to do. He stated that he wanted new appointed counsel—not

4

that he wanted to proceed without representation by counsel. The court did not abridge Walker's right to represent himself because Walker did not clearly invoke that right.

Walker next contends and the State concedes that the trial court erred by signing a written judgment that did not conform with the findings made at the hearing. In criminal cases, "[w]hen there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The trial court stated at the outset of the trial that it was not considering adjudicating guilt based on the allegations of unpaid costs, fines, and fees. At the close of the hearing, the trial court stated that the State had "essentially told me that you didn't put on any evidence of [Walker's operation of a motor vehicle without a license]." The court orally pronounced that "as to the firearm, I do find that allegation true. As to the marijuana, I suspect it is possible that someone else's marijuana is in the glove compartment, but as to the gun I do find the allegations true, and so I am going to move to adjudicate you." The written judgment, however, includes affirmative findings that Walker failed to pay required costs, fines, and fees, operated a motor vehicle without a license, and illegally possessed a firearm and marijuana.

We modify the Judgment Adjudicating Guilt signed October 16, 2009, by vacating all findings that Walker violated the terms and conditions of community supervision except for the finding, which shall remain part of the judgment, that Walker "committed a subsequent offense in that on or about the 29th day of August, 2009, in the County of Travis, State of Texas, Donovan Lamont Walker did then and there intentionally and recklessly carry on or about his person a handgun[.]" Walker's three-year prison sentence is not challenged and remains undisturbed.

5

We affirm the judgment as modified.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   December 8, 2010

Do Not Publish