**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cantral Lester EARGLE, Jr.,
Defendant–Appellant.**

**No. 90–4344
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1991.

---

* Judge Jones is recused, and therefore did not participate in this decision.

John P. Knouse, Dallas, Tex., for defendant-appellant.

Jeffrey J. Strand and Tonda L. Curry, Asst. U.S. Attys., Bob Wortham, U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of failing to file income tax returns in violation of 26 U.S.C. § 7203, Cantral Lester Eargle, Jr., a medical doctor, appeals, challenging the jury instructions and the sufficiency of the evidence. Finding no reversible error, we affirm.

### Background

In 1979 Eargle sought and secured ordination as a minister of the Universal Life Church of Modesto, California and received a charter to establish a church. He took a vow of poverty, designated all of the income from his medical practice as church income, and transferred to the church all assets except a Swiss bank account. The church papers were displayed in a rear corridor of his medical clinic and "church meetings" were held in the clinic, attended by Eargle's employees and family.

Testimony elicited by the government reflected a lifestyle inconsistent with a vow of poverty. Eargle was a member of a country club, drove luxury vehicles, and lived in a spacious residence on a large tract of land, albeit title to the real estate and automobiles was in the name of the church. Further testimony reflected that the Thursday night church services closely resembled medical clinic staff meetings. In addition, evidence indicated that Eargle made deposits in a Swiss bank account during the time that he claimed all medical earnings went to the church, and when he closed the church's Center, Texas bank accounts he transferred the funds to personal accounts in Dallas.

Eargle did not file income tax returns for the years 1981, 1982, and 1983. The jury convicted him of willful failure to file in violation of 26 U.S.C. § 7203. Eargle timely appealed.

### Analysis

On appeal Eargle raises three alleged errors in the instructions to the jury. When a jury instruction is challenged we assess the challenge in light of the entire charge. We must determine whether the instructions as a whole correctly state the rules of law applicable to the factual and legal situation at bar. *United States v. Stacey*, 896 F.2d 75 (5th Cir.1990); *United States v. August*, 835 F.2d 76 (5th Cir. 1987).

Eargle first contends that the trial court erred in its instructions concerning the element of willfulness. Eargle does not quarrel with the instructions specifically directed to the willfulness issue, but he maintains that a subsequent instruction regarding the exempt status of the church

**58**

somehow negated the correctness and adequacy of the earlier willfulness instruction. The latter instruction advised:

> ... if you find beyond a reasonable doubt that the organization through which the defendant claimed exemption was not organized or not operated exclusively for religious, charitable or educational purposes or any part of the organization's net earnings inure to the benefit of private individuals or the charter of the organization's assets to any of its members or to private individuals if it was dissolved or the organization met or served a private as opposed to a public interest, if the Government has proved any one of these beyond a reasonable doubt, then as a matter of law the defendant is not exempt from income taxes.

We find no merit in the contention that this instruction relating to the question of the tax exemption of the church likely confused or misled the jury about the law governing the willfulness element.

■ Nor do we find merit in Eargle's claim that the court improperly shifted the burden of proof from the government to Eargle in a supplemental instruction given after counsel objected to a related point. The court instructed the jury:

> [A]n exempt organization that does serve a public purpose rather than a private purpose must of necessity conduct its activities through individuals and may provide those individuals with personal living expenses and if that is the situation and you are persuaded beyond a reasonable doubt existed in this case, then those living expenses provided do not constitute the inurement of the organization's net earnings to the private individual.

We recognize that the foregoing, taken alone, might tend to mislead or confuse the jury because of a syntactical error. But this instruction may not be viewed in a vacuum; it must be considered as part of the whole. The court repeatedly informed the jury of the correct burden of proof, that the government had to prove every element of the offense beyond a reasonable doubt. The court specifically informed the jury that the defendant did not have to prove anything. The foregoing isolated statement, viewed in the context of the entire charge, does not constitute reversible error.

■ Finally, Eargle maintains that the instructions were wanting because they allowed the jury to consider, as circumstantial evidence of the willfulness element, his actions as a tax protester. Eargle does not question the correctness of the circumstantial evidence charge. We find it to be a correct statement of the law. *United States v. Booher*, 641 F.2d 218 (5th Cir. 1981); *United States v. Brown*, 591 F.2d 307 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Rather, Eargle contends that the instruction gave an undue emphasis to the government's case and lessened the government's burden on the willfulness element. We are not persuaded. The instruction did no more than set the parameters and explain proof by the use of circumstantial evidence. This challenge to the jury charge also lacks merit.

■ The final assignment of error on appeal relates to the sufficiency of the evidence. When assessing the sufficiency of the evidence we view the evidence, and the reasonable inferences that may be drawn therefrom, in the light most favorable to the government. *United States v. Bell*, 678 F.2d 547 (5th Cir.1982), *aff'd*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The record contains ample evidence upon which a reasonable jury could find beyond a reasonable doubt that Eargle willfully failed to file tax returns for the years in question. The challenge to the sufficiency of the evidence, like the challenges to the jury charge, also lacks merit.

The conviction is AFFIRMED.