# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50345

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2016

Lyle W. Cayce
Clerk

MAURICE A. MOSES, SR.,

> Petitioner-Appellee Cross-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent-Appellee Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-280

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Maurice A. Moses, Sr. has applied for federal habeas corpus relief, claiming he was denied his right to self-representation, as defined in *Faretta v. California*, 422 U.S. 806 (1975), and his right to effective assistance of appellate counsel, *see Blanton v. Quarterman*, 543 F.3d 230, 243 (5th Cir. 2008). The district court denied Moses's self-representation claim as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50345

procedurally barred, but granted relief on the claim that appellate counsel rendered ineffective assistance by failing to raise a *Faretta* claim.  The parties filed cross-appeals.  For the reasons discussed below, we AFFIRM the district court's holding in part, as Moses's *Faretta* claim is procedurally barred for purposes of federal habeas review, and REVERSE in part because the state habeas court's denial of Moses's ineffective assistance of appellate counsel claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

**I**

Moses was charged with capital murder and opted to go to trial.  After the jury was selected, but before its members were sworn, Moses's attorney informed the trial judge that Moses wished to proceed pro se.  The trial judge admonished Moses about the dangers of self-representation, particularly in a capital case, and expressed grave concerns about Moses's ability to represent himself given his eleventh-grade education.  Moses reasserted his desire to represent himself, to which the court responded that although he was "not making a judgment at [that] point," he was not convinced Moses was capable of representing himself.  After additional back-and-forth on the question, the colloquy concluded:

> THE COURT: [. . .] [F]rankly, given your education or lack thereof, I am not confident—you have not convinced me at this point that you're competent to represent yourself.  So having said that, let's all sleep on it, take a break and talk to you tomorrow morning at nine o'clock.

> THE DEFENDANT: So the comments that you have are irrelevant, sir?

> THE COURT: That's it for now.

Despite the trial judge's suggestion that the parties "sleep on it," neither the judge, Moses, Moses's counsel, nor the prosecution brought up Moses's stated desire to represent himself again. Moses was represented at trial by counsel. The jury found him guilty of capital murder and Moses was sentenced to life in prison.

Moses's conviction was affirmed on direct appeal. He did not raise a *Faretta* claim on appeal. Moses filed a state habeas corpus petition arguing, inter alia, that he had been improperly denied his right to self-representation and to effective assistance of appellate counsel. The trial-level state habeas court concluded that Moses's *Faretta* claim was barred under state procedural rules because Moses had failed to raise it on appeal. The court considered the merits of Moses's ineffective assistance of appellate counsel claim and concluded that appellate counsel had not rendered ineffective assistance by failing to challenge the denial of Moses's right to proceed pro se. The court concluded that because the claim was not clearly stronger than those appellate counsel raised, counsel was not ineffective for failing to brief the *Faretta* claim. The court found that the trial judge had discretion to deny Moses's request because it had been made untimely—after voir dire had taken place. The court held in the alternative that Moses had waived his right to self-representation by failing to reassert it and by proceeding to trial with counsel, as the trial judge merely discouraged Moses from representing himself without explicitly denying the request. On appeal, the Texas Court of Criminal Appeals (TCCA) denied Moses's state habeas petition without written order on the findings of the lower court.

Moses subsequently filed a federal habeas petition. The district court denied Moses's *Faretta* claim as procedurally defaulted, but granted habeas relief on his ineffective assistance of appellate counsel claim. The district court

determined that the state habeas court made "an unreasonable determination of the facts in light of the record" when it concluded that the trial court could have reasonably found that Moses waived his right to self-representation when he failed to reassert it.   The district court also concluded that there was no support in the law for the state habeas court's holding that Moses's request was untimely because it was made after voir dire.   Furthermore, the district court noted that an affidavit submitted by Moses's appellate attorney revealed she was unaware Moses had requested to represent himself, thereby indicating she had failed to familiarize herself with the record.   The district court held that "the state habeas court's implicit determination that counsel's total failure to familiarize herself with the record in this case was not deficient was an unreasonable application of the *Strickland* standard to the facts in this case." Accordingly, the district court concluded there was a substantial likelihood a *Faretta* claim would have succeeded on direct appeal and granted Moses habeas relief on his ineffective assistance of appellate counsel claim.

## II

In a habeas corpus appeal, this court reviews a district court's findings of fact for clear error and its conclusions of law de novo. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).   Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Moses can obtain federal habeas relief only if his adjudication in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Robertson v. Cain*, 324 F.3d 297, 302 (5th Cir. 2003) (quoting 28 U.S.C. § 2254(d)(1)-(2)).   "[A] habeas court must determine what arguments or theories supported or . . .

could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). Federal courts reviewing habeas applications premised on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), are "doubly" deferential: "When § 2254(d) applies, the question is not whether counsel's actions were reasonable[;] [t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

## III

The TCCA denied habeas review of Moses's self-representation claim because Moses failed to raise this claim on direct appeal. A federal habeas court has no power to review a state court's decision not to address a prisoner's federal claims if the state court made that decision on the basis of independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This court has specifically held that the Texas requirement "that a petitioner must raise a claim on direct appeal before it can be raised on state habeas . . . is an adequate state ground capable of barring federal habeas review." *Scheanette v. Quarterman*, 482 F.3d 815, 827 (5th Cir. 2007) (citations and internal quotation marks omitted). The district court thus did not err in holding that procedural default bars federal habeas review of Moses's underlying *Faretta* claim.

By virtue of Moses's procedural default, this court cannot review the merits of his *Faretta* claim unless Moses can demonstrate cause for the default and actual prejudice due to the alleged violation of federal law. *See Coleman*, 501 U.S. at 750. When afforded liberal construction, Moses's briefs on appeal include an argument that his ineffective assistance of appellate counsel claim supplies the cause and prejudice required to overcome the procedural default. *See, e.g.*, *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction."). However, "[w]e have repeatedly held that a contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief." *Johnson v. Puckett*, 176 F.3d 809, 814 (5th Cir. 1999) (quoting *Johnson v. Puckett*, 930 F.2d 445, 448 (5th Cir. 1991)). Nor will we generally consider an argument raised for the first time in a certificate of appealability (COA) application to the district court. *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003); *cf. Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006) (refusing to consider argument which was raised for the first time in a post-judgment motion in the district court). Moses did not argue cause and prejudice in support of his § 2254 application, raising this argument for the first time in the district court in support of his motion for a COA. Because Moses failed to properly raise this argument below, we will not consider it on appeal.

## IV

The district court granted habeas relief on Moses's ineffective assistance of appellate counsel claim after concluding that the state habeas court made unreasonable findings of fact and unreasonably applied *Strickland* to those facts. To establish a claim for ineffective assistance of appellate counsel, an

applicant must show (1) "counsel's representation 'fell below an objective standard of reasonableness'" and (2) "but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton*, 543 F.3d at 235 (quoting *Strickland*, 466 U.S. at 688, 694). The TCCA held that Moses was unable to satisfy either *Strickland* prong because his *Faretta* claim was not clearly stronger than the issues appellate counsel raised on appeal and there was no reasonable probability Moses would have prevailed had his attorney urged such a claim. The TCCA offered two alternative reasons for its conclusion: (1) Moses had not timely asserted his right to self-representation; and (2) Moses had waived the right by proceeding to trial with his appointed counsel.

The Sixth Amendment affords a criminal defendant the right to self-representation. *Faretta*, 422 U.S. at 819. "[T]he denial of the right to self-representation constitutes a structural error that is not subject to harmless error review and instead requires automatic reversal." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984)). The Supreme Court has made clear, however, that "the right of self-representation is not absolute," *Indiana v. Edwards*, 554 U.S. 164, 171 (2008), and has noted with approval that "most courts require [a defendant to elect self-representation] in a timely manner." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) (footnote omitted). The Court explained, "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Id.* The Court has not, however, made clear at what point a request for self-representation becomes sufficiently untimely that a trial judge could deny the request without running afoul of the Sixth Amendment. *See Miller v. Thaler*, 714 F.3d 897, 903 n.5 (5th Cir. 2013). Thus, no Supreme Court

case contradicts the state habeas court's holding that Moses did not timely request permission to proceed pro se. Accordingly, the decision was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. *See* § 2254(d)(1); *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005). The district court's error in holding otherwise is underscored by circuit court decisions.

Moses relies heavily on *Chapman v. United States*, 553 F.2d 886 (5th Cir. 1977), for the proposition that a request for self-representation is untimely only if made after a jury has already been sworn. *Chapman* does in fact state: "If there is to be a Rubicon beyond which the defendant has lost his unqualified right to defend pro se, it makes far better sense to locate it at the beginning of defendant's trial, when the jury is empaneled and sworn . . . ." *Id.* at 894. Moses first voiced his desire to proceed pro se after the jury was selected but before it was sworn. The issue in *Chapman*, however, was whether a demand for self-representation was untimely when made after defense counsel had declared himself "ready for trial" but before the jury had been empaneled. *Id.* at 887. This court held the demand timely, but did not have occasion to consider whether the same would have been true had the demand been made between the empaneling and the swearing of the jury. *See id.* In fact, *Chapman*'s explicit holding was "that a demand for self-representation must be honored as timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay." *Id.* Under *Chapman*, Moses's demand for self-representation was not plainly timely because it was made after the jury was selected. *See id.* In any event, *Chapman* does not definitively establish this circuit's position, much less the Supreme Court's position, on whether a request for pro se defense made after the jury has been

8

selected is timely beyond fairminded disagreement.  *See Harrington*, 562 U.S. at 102.

Furthermore, this court has previously held that federal habeas relief was not appropriate where a state habeas court had determined a defendant's request to proceed pro se to be untimely because the request had been made "only a few hours *before* jury selection."  *Miller*, 714 F.3d at 903 n.5 (emphasis added).  Here, Moses demanded to present his own defense only *after* the jury had been selected.  *Miller* supports the state habeas court's position that the district court had discretion to deny Moses's request to proceed pro se because the request was made after the jury had been selected.  *See id.*  Other circuits have come to similar conclusions.  *See, e.g.*, *Hill v. Curtin*, 792 F.3d 670, 674, 679 (6th Cir. 2015) (en banc) (refusing to grant habeas relief on *Faretta* claim because defendant requested self-representation on the first day of trial, before jurors had been empaneled); *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002) ("In cases involving jury trials, we have held that a request is timely if made before the jury is selected or before the jury is empaneled, unless it is made for the purpose of delay."); *United States v. Young*, 287 F.3d 1352, 1354-55 (11th Cir. 2002) (holding that defendant's request to proceed pro se was untimely when made after the jury was empaneled but before it was sworn).  At the very least, the law on this point is not clearly established, and the district court therefore erred when it held the state habeas court unreasonably applied clearly established federal law.[1]

---

[1] The TCCA alternatively held that Moses's appellate counsel was not ineffective for failing to present a *Faretta* claim because Moses had waived his right to proceed pro se. Because we find that the timeliness ground was a sufficient basis for denying Moses's claim, we need not address the TCCA's alternative holding.

## V

For the aforementioned reasons, we AFFIRM the denial of habeas corpus relief on Moses's *Faretta* claim, and REVERSE the district court's grant of habeas corpus relief on Moses's ineffective assistance of appellate counsel claim.