# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-30134
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

BENJAMIN F. WRIGHT,

Petitioner-Appellee

v.

SANDY MCCAIN, WARDEN, RAYMOND LABORDE CORRECTIONAL CENTER,

Respondent-Appellant

c/w No. 16-30874

BENJAMIN F. WRIGHT,

Petitioner-Appellant

v.

SANDY MCCAIN, WARDEN, RAYMOND LABORDE CORRECTIONAL CENTER,

Respondent-Appellee

————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2813

————————————

No. 16-30134
Cons. w/ No. 16-30874

Before PRADO, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Benjamin F. Wright, Louisiana prisoner # 321564, filed a 28 U.S.C. § 2254 petition challenging the validity of his conviction on 23 counts of possession of child pornography and his sentence, which totaled 40 years. Although Wright challenged his convictions on three different grounds, the district court found that only his claim that he had been denied his Sixth Amendment right to self-representation merited relief. The district court conditionally granted Wright's § 2254 petition, and the respondent successfully moved for a stay of relief. In appeal No. 16-30134, respondent challenges the conditional grant of relief, and Wright moves to have his appeal expedited. In appeal No. 16-30874, Wright seeks a certificate of appealability (COA) to challenge the district court's denial of his Federal Rule of Civil Procedure 60(b) motion seeking relief from the district court's grant of the respondent's motion to stay in the underlying § 2254 proceeding. Because these appeals are closely related, we CONSOLIDATE these two cases sua sponte. See FED. R. APP. P. 3(b)(2).

We will first address the issues raised in appeal No. 16-30134. Although both state law and federal law provide a right of self-representation to Wright, in a § 2254 proceeding, a state prisoner may only challenge the validity of his continued custody on the ground that it is the result of a violation of "the Constitution or laws or treaties of the United States." § 2254(a). "[A] defendant in a state criminal trial has a right under the sixth and fourteenth amendments to the United States Constitution to proceed without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel and represent himself when he elects to do so" in a clear, unequivocal, knowing, and intelligent manner. *Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991); *see Faretta v. California*, 422 U.S. 806, 807, 835-36 (1975). Thus, the focus of this federal habeas proceeding is whether Wright's federal constitutional right to represent himself in the trial court was violated.

Wright had charges in several different cases all pending before the same Louisiana trial court judge. The convictions being challenged here arose in Cause No. 69,946. On September 30, 2005, Wright appeared before the trial court in Cause No. 69,945. His counsel was allowed to withdraw in that matter, and reference was made by counsel to the charges pending under other docket numbers. When Wright was asked if he had anything to say about the motion to withdraw, he responded, "No, sir. I'm going to defend my own self in my other cases though." After allowing counsel to withdraw, the trial court appointed the Indigent Defender's Office (IDO) to represent Wright in all of his pending cases, and it mentioned Cause No. 69,946 specifically. The trial court judge told Wright that he would deal with Wright's request to represent himself at a later date. The docket sheet in Cause No. 69,946 contains a minute entry for that hearing. In rejecting Wright's claim that he was denied his right to self-representation, the state habeas court found that (1) the hearing involved *only* the matter in Cause No. 69,945; (2) the matter in Cause No. 69,946 was never addressed; and (3) the trial court specifically advised Wright that his request to proceed pro se "would have to be asserted at a later date."

Wright appeared before the trial court again on June 26, 2006, for a hearing on his motion to quash the charges on speedy-trial grounds. In discussing that motion and the various continuances that had been granted on motions made by Wright's attorneys, Wright reminded the trial court that he

had requested at the September 30, 2005, hearing to represent himself on "the rest of the charges." After denying the motion to quash, the trial court allowed the IDO to withdraw from representing Wright due to a conflict of interest. It then appointed another attorney to represent Wright. Wright reiterated that he had already stated in September 2005 that he did not want an attorney. A colloquy then took place in which the trial court judge stated that he would not allow Wright to represent himself because it was not what was best for Wright. Indeed, he expressly stated: "I'm not going to let you represent yourself."

That same judge decided the state habeas case. In denying Wright's claim, the state habeas court found that Wright's statements at the June 2006 hearing, when taken in context, were merely meant to explain the reasons behind the various continuances that had been granted.[1]

The determination of whether a defendant has expressly and unequivocally, or constructively, invoked his right to self-representation is solely dependent on the particular facts and circumstances of the case, and we review that issue to determine whether the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); *see United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010); *Randolph v. Cain*, 412 F. App'x 654, 657 (5th Cir. 2010). In doing so, we look through to the last reasoned state court decision to address the claim. *See Brumfield v. Cain*, 135 S. Ct. 2269, 2276 (2015);

---

[1] On the direct appeal of his convictions, the state court rejected his claims of lack of self-representation because of the absence of any evidence that he had requested same. *State v. Wright*, 57 So. 3d 465, 475-76 (La. Ct. App.), *writ denied*, 68 So. 3d 520 (La. 2011). As the federal district court explained, however, the lack of record evidence turned out to be due to the repeated thwarting of Wright's efforts to obtain those transcripts. He finally succeeded in obtaining those transcripts before his post-conviction application, and the State (wisely) does not assert a procedural bar based upon the original appellate ruling.

*Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012). In this case that decision is the one issued by the trial court in ruling on Wright's state application for postconviction relief. The federal district court reviewing this decision found that relief was warranted under § 2254(d)(2). "We review the district court's legal conclusions de novo and its factual findings for clear error." *Clark v. Thaler*, 673 F.3d 410, 417 (5th Cir. 2012).

Having reviewed the record and the state habeas court's reasons for rejecting Wright's claims, we agree with the district court that the state habeas court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Wright clearly and unequivocally expressed his intent to proceed pro se in the trial court, and the record reveals that the trial court was aware of that intent. Instead of conducting a hearing to ensure that Wright's request to represent himself was knowing and intelligent, the trial court denied the request in an effort to protect Wright's best interests, and it appointed counsel that Wright did not want. This, the trial court was not allowed to do. *See Faretta*, 422 U.S. at 835-36.

The respondent argues that Wright acquiesced to the appointment of counsel throughout the trial. Because the state habeas court had no cause to consider this argument, the deferential standard of § 2254(d) does not apply. Instead, in considering the district court's implicit rejection of this argument, we will review the district court's factual findings for clear error and its legal conclusions de novo. *Hatten v. Quarterman*, 570 F.3d 595, 599-600 (5th Cir. 2009). In an unpublished case where there was a summary dismissal of a motion to proceed pro se, we rejected a similar argument. *See United States v. Ramirez-Perez*, 132 F. App'x 558, 559 (5th Cir. 2005). Additionally, the record reveals that continuing to move to proceed pro se would have been futile. This

court does not require attorneys to make futile objections or motions, particularly given the judge's statement that he was not going to let Wright represent himself. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Since counsel is held to a higher standard than a pro se litigant, "it would be rather peculiar to treat a trained attorney's error more leniently than" that of a pro se litigant. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Thus, although it is true that, once a defendant has invoked his right to self-representation, he may waive that right "through subsequent conduct indicating an abandonment of the request," *Long*, 597 F.3d at 724, under the particular facts of this case, Wright's failure to renew his request to proceed pro se during trial does not reasonably suggest that he abandoned his prior request to proceed pro se, *see Batchelor*, 682 F.3d at 406.

Otherwise, the respondent correctly asserts that a court may appoint standby counsel without violating a defendant's Sixth Amendment rights. *See Faretta*, 422 U.S. at 834 n.46. That assertion is irrelevant here, however, where there was no appointment of standby counsel. Finally, the respondent asserts that because the trial court's appointment of counsel had no impact on the jury's verdict, it amounted to harmless error. However, the violation of the right to self-representation is not subject to harmless error analysis, *United States v. Weast*, 811 F.3d 743, 748 (5th Cir.), *cert. denied*, 137 S. Ct. 126 (2016), and "will always invalidate the conviction," *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993). In light of the foregoing, the district court's judgment conditionally granting habeas relief to Wright is AFFIRMED. Wright's motion to expedite appeal No. 16-30134 is DENIED as moot.

In appeal No. 16-30874, Wright contends that the district court erred in granting the motion to stay his release because the district court relied in part on a factual mistake regarding the length of his sentence. Wright does not

need a COA to challenge the non-merits issue of the stay.  *See Young v. Stephens*, 795 F.3d 484, 494 (5th Cir. 2015), *as revised* (July 30, 2015), *cert. denied*, 136 S. Ct. 1453 (2016), *reh'g denied,* 136 S. Ct. 1840 (2016). Accordingly, his motion for a COA is DENIED as unnecessary.

Wright acknowledges his resentencing on one count of conviction to 20 years of imprisonment, and the state appellate court's judgment shows that the trial court imposed the 20-year prison term on resentencing to run consecutively with "any other sentence" Wright was serving.  *State v. Wright*, 997 So. 2d 133, 135 (La. Ct. App. 2008).  Wright was serving consecutive terms of 10 years, or a total of 20 years, on the remaining counts of conviction. *Wright*, 57 So. 3d at 468.  Because the district court correctly stated the length of his sentence in granting the State's motion to stay pending appeal, Wright has not shown that the district court abused its discretion in denying his Rule 60(b) motion.  *See* FED. R. CIV. P. 60(b); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  The judgment of the district court denying Wright's Rule 60(b) motion is AFFIRMED.