# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50282

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ruben Serrano Galaviz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-623-1

_____

Before Jones and Graves, *Circuit Judges*, and Rodriguez, *District Judge*.*

Per Curiam:*

Ruben Serrano Galaviz was convicted by a jury of one count of conspiring to possess with intent to distribute a controlled substance and one count of possessing with intent to distribute a controlled substance. He appeals, arguing that the district court improperly denied his request to

_____

* United States District Judge for the Southern District of Texas, sitting by designation.

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50282

proceed pro se and erroneously instructed the jury. Finding no error, we AFFIRM.

## I.

In 2020, a Drug Enforcement Administration undercover agent received a phone call from a member of a drug trafficking organization regarding an upcoming shipment. The member of the organization instructed the undercover agent that he would be receiving a call from an associate to coordinate the receipt and transport of three kilograms of heroin. Serrano Galaviz later called the undercover agent and directed him to pick up a bag from the backseat of a white pick-up truck parked at 1313 George Dieter Dr. The undercover agent retrieved the bag, which contained 2.79 kilograms of fentanyl. Serrano Galaviz later admitted to federal agents that he delivered the bag, which he thought contained marijuana, as a favor to a friend.

Serrano Galaviz was indicted for conspiracy to possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C) (Count One), and possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (Count Two). In the pre-trial period, Serrano Galaviz's first two court-appointed attorneys moved for, and were granted leave to, withdraw. Serrano Galaviz's third appointed attorney also moved to withdraw, but the district court denied the motion.

Serrano Galaviz proceeded to trial. Following voir dire, defense counsel informed the district court that Serrano Galaviz had asked him to renew his motion to withdraw and "that he requested a continuance, to potentially hire his own lawyer," though Serrano Galaviz "has now articulated to me to hold off on that request." Counsel further stated that he had advised Serrano Galaviz of his right to represent himself with the assistance of stand-by counsel. The district court overruled counsel's motion

2

No. 24-50282

to withdraw and denied Serrano Galaviz's "request for continuance, or whatever else he's requesting." The following exchange then occurred:

> [DEFENSE COUNSEL]: Does the Court want to address the issue of representing himself pro se, or does it want to put anything on the record with regard to this? Again, I say everything respectfully to the Court, Your Honor.
>
> THE COURT: Too late. We've already started this trial.
>
> [DEFENSE COUNSEL]: Acknowledged, Your Honor. Thank you, sir.
>
> THE COURT: I'm denying his request to go pro se.

The jurors were then named and sworn in, and the proceedings continued.

After the close of evidence, the district court instructed the jury. For Count One, the conspiracy count in violation of 21 U.S.C. § 846, the district court instructed:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt.
>
> First: That two or more persons, directly or indirectly, from on or about February 4, 2020, reached an agreement to knowingly possess and distribute a quantity of a mixture or substances containing a detectable amount of propenamide (otherwise known as fentanyl) a Schedule II controlled substance;
>
> Second: That the defendant knew of the unlawful purpose of the agreement; and
>
> Third: That the defendant joined the agreement willfully, that is, with the intent to further its unlawful purpose;
>
> Fourth: That the overall scope of the conspiracy involved at least a quantity of a mixture or substance containing a detectable amount of propenamide (otherwise known as fentanyl).

3

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all other alleged conspirators. If the defendant understands the unlawful nature of the plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

For Count Two, the possession with intent to distribute count in violation of 21 U.S.C. § 841(a)(1), the district court instructed:

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that the defendant knowingly possessed a controlled substance.

Second, That the substance was in fact fentanyl; and

Third, That the defendant possessed the substance with the intent to distribute it;

Fourth, That the quantity of the substance was at least some quantity.

The parties then presented closing arguments. As relevant here, defense counsel argued that "the Government has to prove that [Serrano Galaviz] knew it was Fentanyl" rather than some other controlled substance. The government asked to approach the bench, asserting that it was not required to prove that Serrano Galaviz knew the type of controlled substance. The district court agreed and sustained the government's objection. Despite the district court's ruling, defense counsel again asserted that the government must prove that Serrano Galaviz knew that the specific substance was fentanyl. The government did not object this time but

explained in rebuttal that it was not required to prove Serrano Galaviz knew the exact controlled substance.

During deliberation, the jury sent the district judge a clarifying question: "Does the Government have to prove that the Defendant was trafficking specifically Fentanyl or is the charge for controlled substance in general?" The district court proposed, and ultimately sent back, the following response:

> In response to Note 2, as to Count One of the Indictment, the conspiracy count, the Government must prove beyond a reasonable doubt that the Defendant knew he was possessing a controlled substance, but need not prove that the Defendant knew what particular controlled substance was involved.

> As to Count Two of the Indictment, the second element as stated in your jury instructions reads, quote, the Government would have to prove beyond a reasonable doubt that the substance was, in fact, Fentanyl.

The government agreed to the response, but Serrano Galaviz requested the district court respond by stating: "The Court has provided you, the jury, with instructions." Alternatively, Serrano Galaviz requested that the district court remind the jury that Count One requires willfulness. The district court denied both requests.

The jury found Serrano Galaviz guilty on both counts. Serrano Galaviz timely appealed.

## II.

On appeal, Serrano Galaviz argues that (1) the district court improperly denied his request to proceed pro se because it did so without a hearing or meaningful inquiry into the request; and (2) the district court initially failed to instruct the jury regarding the knowledge element required

5

for both convictions and exacerbated the error through its supplemental instructions. Neither argument succeeds.

### A. Request to Proceed Pro Se

We begin with Serrano Galaviz's contention that the district court improperly denied his request to proceed pro se. The sixth amendment provides a criminal defendant with the right to represent himself at trial. *See United States v. Vernier*, 381 F. App'x 325, 328 (5th Cir. 2010). We review "claims concerning the right of self-representation de novo," but "[t]he district court's factual findings to support its ruling are reviewed for clear error." *Id.* "An improper denial of the right of self-representation, if established, requires reversal without further analysis for harmless error." *Id.*

"Unlike the sixth amendment right to counsel, which is in effect until waived, the right to self-representation is not effective until asserted." *Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991); *see Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983) (explaining that "the right of self-representation does not attach until asserted" (emphasis omitted) (citation omitted)). Because assertion of the right to self-representation waives the fundamental right to counsel, we therefore "indulge every reasonable presumption against waiver" of the right to counsel. *Burton*, 937 F.2d at 133.

To determine whether a defendant has asserted the right to represent himself, our analysis proceeds in two steps. First, the defendant must "clearly and unequivocally" invoke the right of self-representation in a timely manner. *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008); *see also Chapman v. United States*, 553 F.2d 886, 892 (5th Cir. 1977). If the defendant does so, the district court must conduct a hearing to ascertain "whether the defendant is 'knowingly and intelligently' forgoing his right to appointed counsel." *Cano*, 519 F.3d at 516.

No. 24-50282

Serrano Galaviz fails at the first step because he never clearly and unequivocally asserted his right of self-representation. After voir dire, but before the jury had been announced and sworn, defense counsel informed the district court that he had "advised the defendant of his ability, and arguably right, to represent himself." Defense counsel further prompted the district court to "address the issue of [Serrano Galaviz] representing himself pro se." Nowhere in that exchange did defense counsel, or Serrano Galaviz for that matter, explicitly state Serrano Galaviz's desire to proceed pro se. *See Burton*, 937 F.2d at 134 (concluding that the defendant's comment "May I represent myself?" was not a clear and unequivocal invocation of his right to self-representation). Rather, based on the context of the entire exchange, it appears that Serrano Galaviz's actual request was for different appointed counsel, and even then, Serrano Galaviz had instructed his counsel "to hold off on that request." *See United States v. Long*, 597 F.3d 720, 725-26 (5th Cir. 2010) (construing the defendant's comments that he was "the attorney in fact" and that he wanted to replace his appointed counsel "as a general rebellion against the system trying him, when the comments are taken in the full context of the record"). But "[m]any cases suggest that something more than just firing one's attorney is required before one clearly and unequivocally requests to proceed *pro se*." *Id.* at 724.

There is some indication in the district court's response to defense counsel's prompting that the district court understood Serrano Galaviz to be invoking his right to proceed pro se and denied that request on timeliness grounds. To the extent the district court construed Serrano Galaviz's request as untimely, that was possibly incorrect because the exchange occurred prior to the jury being announced and sworn. *See Chapman*, 553 F.2d at 894 & n.14. *But see Moses v. Davis*, 673 F. App'x 364, 368 (5th Cir. 2016). Regardless, the fact remains that Serrano Galaviz never made a clear and unequivocal assertion of his right to proceed pro se. While we have considered the district

7

court's understanding of the defendant's request,[1] we have not found the district court's interpretation to be dispositive. *See Burton*, 937 F.2d at 134 (considering the district court's understanding of the defendant's request but finding, "[i]n any event," the "request was unclear"). On this record, the district court did not improperly deny a request to proceed pro se. *See Moreno*, 717 F.2d at 174-75.

### B. Jury Charge

Serrano Galaviz additionally asserts that the district court improperly instructed the jury as to the knowledge element of the offenses, both initially and through its response to the jury's question. Typically, "jury instructions are reviewed for abuse of discretion and are subject to harmless error review, but unpreserved objections are "reviewed for plain error." *United States v. Green*, 47 F.4th 279, 288 (5th Cir. 2022). Serrano Galaviz objected to the supplemental jury charge but not to the initial charge, thereby only partially preserving his challenges. However, Serrano Galaviz's challenges fail even under abuse-of-discretion review.

When examining a jury charge, we evaluate "whether the charge, as a whole, was a correct statement of the law and whether it clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them." *United States v. Daniel*, 933 F.3d 370, 379 (5th Cir. 2019) (citation omitted). In assessing the initial charge, we find that it was both a correct recitation of the law and adequately instructed the jurors.

Contrary to Serrano Galaviz's closing arguments, neither 21 U.S.C. § 846 nor 21 U.S.C. § 841(a)(1) require a defendant to know the specific type of controlled substance involved in the offense. *See United States v. Gamez-*

---

[1] *See Vernier*, 381 F. App'x at 328; *Wright v. McCain*, 703 F. App'x 281, 284 (5th Cir. 2017).

*Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003); *United States v. Garcia-Roman*, 477 F. App'x 251, 253 (5th Cir. 2012). Rather, under those offenses, a defendant is only required to know that the substance in question is a controlled substance. *See United States v. Crittenden*, 46 F.4th 292, 298 n.7 (5th Cir. 2022) (en banc); *Garcia-Roman*, 477 F. App'x at 253; *see also United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("A criminal defendant, while entitled to an instruction on her theory of the case, has no right to particular wording, or to a charge which is incorrect, confusing, or misleading."). The district court's initial charge aligned with these principles, as Count One explained that the jury must find "the defendant knew of the unlawful purpose of the agreement . . . without knowing all the details of the unlawful scheme," and Count Two provided that the jury must find "that the defendant knowingly possessed a controlled substance." And to the extent that the initial charge contained any ambiguity, it was not harmful or prejudicial because (a) the district court adequately clarified the knowledge element in response to the jury's question and (b) any ambiguity would have worked in Serrano Galaviz's favor because the jury would have been free to accept Serrano Galaviz's (incorrect) premise that he had to know the controlled substance was fentanyl. *See United States v. Qureshi*, 121 F.4th 1095, 1105 (5th Cir. 2024)*; see generally United States v. Olano*, 507 U.S. 1170, 1778 (1993).

As to the supplemental instruction in response to the jury's question, we similarly find no error. "When evaluating the adequacy of the supplemental jury instructions, we ask whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *United States v. Fackrell*, 991 F.3d 589, 612 (5th Cir. 2021) (citation omitted); *see also United States v. Eargle*, 921 F.2d 56, 58 (5th Cir. 1991) (explaining that supplemental instructions are not "viewed in a

vacuum"). Here, the district court's response succinctly clarified that Count One only required the defendant know he was possessing *a* controlled substance, not *the* particular controlled substance. For Count Two, the district court referred the jury back to the initial jury instruction and stated that the jury would have to find beyond a reasonable doubt that the substance was in fact fentanyl. The district court did not refer the jury back to the initial jury charge for Count One, and typically it is best practice for a district court to either refer the jury back to the original charge or remind the jury to consider all of the jury instructions as whole. *See United States v. Le*, 512 F.3d 128, 132 (5th Cir. 2007). But "[i]n ligt of the balanced initial instructions to the jury and the brevity, neutrality, and accuracy of the supplemental instruction," we find the district court's instruction was sufficient. *United States v. Valle*, 538 F.3d 341, 348 (5th Cir. 2008).

### III.

The district court did not improperly deny Serrano Galaviz's request to proceed pro se or improperly instruct the jury. Accordingly, we AFFIRM.